IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTINE M. BLACKWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 06-2301-JWL–JTR |
| | ) |
| MICHAEL J. ASTRUE,[1] | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**REPORT AND RECOMMENDATION**

Plaintiff filed a complaint on July 24, 2006 seeking review of a final decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits and supplemental security income under sections 216(i), 223, 1602 and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A)(hereinafter the Act).

**I.  Background**

Plaintiff filed her Social Security Brief on Mar. 28, 2007 seeking reversal of the Commissioner's decision below and remand

---

[1]On Feb. 12, 2007, Michael J. Astrue was sworn in as Commissioner of Social Security.  In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Astrue is substituted for Commissioner Jo Anne B. Barnhart as the defendant.  In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

for immediate award of benefits. (Doc. 9, p. 27)(hereinafter Pl. Br.). On Jun. 19, the Commissioner filed a motion to remand with a memorandum in support. (Docs. 14, 15). In his memorandum, the Commissioner admitted that the case was incorrectly evaluated, and informed the court that upon remand the Appeals Council will remand the case to an Administrative Law Judge (ALJ) for further development. (Doc. 15, p. 1)(hereinafter Comm'r Mem.). The Commissioner stated that the ALJ would be directed to further consider the evidence regarding plaintiff's drug abuse and the assessment of Dr. Lopez.[2] (Comm'r Mem. 2). He stated the ALJ would hold a new administrative hearing with a medical expert present to help in assessing the medical evidence, would further assess the credibility of plaintiff's allegations of disabling symptoms, and would address the opinions of Drs. Crockett and Curtis. Id.

Plaintiff filed a memorandum in opposition to the Commissioner's motion, arguing that further proceedings would be redundant, that Dr. Fisher's opinion establishes that plaintiff is disabled, and therefore, the decision should be reversed and the case should be remanded for an immediate award of benefits.

---

[2]The Commissioner provided no citation for his reference to an assessment by Dr. Lopez, and the court's search of the record does not reveal any consideration by the ALJ of such an assessment. The ALJ discussed an assessment by Dr. Fisher, a physician who treated plaintiff beginning Sept. 5, 2003. (R. 21). The court believes it is this assessment to which the Commissioner refers. The issue may be clarified on remand.

(Doc. 16)(hereinafter Pl. Opp'n).  The court recommends the Commissioner's motion be GRANTED, the decision be REVERSED, and JUDGMENT be entered REMANDING the case for further proceedings.

**II.  Analysis**

Section 405(g) of the Act controls judicial review of the Commissioner's decisions.  42 U.S.C. § 405(g).  Sentence four of that section provides that the district court may enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remand for a hearing."  Id. see also, Forney v. Apfel, 524 U.S. 266, 269-70 (1998); Shalala v. Schaefer, 509 U.S. 292, 296-98 (1993); Sullivan v. Finkelstein, 496 U.S. 617, 625-26 (1990).  Plaintiff and the Commissioner agree that the decision below was incorrectly evaluated and that remand pursuant to sentence four of 42 U.S.C. § 405(g) is necessary.

The issue here is whether to remand for further proceedings or to remand for an immediate award of benefits.  Resolution of that issue is within the discretion of the court.  Ragland v. Shalala, 992 F.2d 1056, 1060 (10th Cir. 1993); Taylor v. Callahan, 969 F. Supp. 664, 673 (D. Kan. 1997) (citing Dixon v. Heckler, 811 F.2d 506, 511 (10th Cir. 1987)).

The decision to direct an award of benefits should be made only when the administrative record has been fully developed and when substantial and uncontradicted evidence on the record as a

whole indicates that the claimant is disabled and entitled to benefits.  Gilliland v. Heckler, 786 F.2d 178, 184, 185 (3rd Cir. 1986).  The Commissioner is not entitled to adjudicate a case ad infinitum until he correctly applies the proper legal standard and gathers evidence to support his conclusion.  Sisco v. Dep't of Health & Human Servs., 10 F.3d 739, 746 (10th Cir. 1993).

Although the court agrees with plaintiff that remand for further proceedings will cause delay which might have been avoided had the ALJ properly addressed the issues in the first instance, the court is unable to conclude that substantial and uncontradicted evidence on the record as a whole indicates that plaintiff is disabled and entitled to benefits.  For example, the medical opinions of record have not been properly weighed.  The ALJ assigned specific weight only to the opinion of Dr. Fisher; (R. 20)("little weight"); and the opinions of the state agency medical consultants.  (R. 21)("some weight, but not controlling weight").[3]  The ALJ discussed the opinion of Dr. Boutwell and relied upon that opinion in giving little weight to the opinion of Dr. Fisher, but he did not assign particular weight to Dr. Boutwell's opinion.  In the decision, the ALJ discussed other

---

[3]This finding is more confusing than helpful because controlling weight may be given only to the opinions of treating physicians.  20 C.F.R. § 404.1527(d).  The opinions of state agency medical consultants must be considered and weighed in accordance with the regulatory factors, and the decision must explain the weight given to those opinions, but they are not entitled to controlling weight.  Id. § 404.1527(f)(2).

-4-

opinions given by medical sources but did not weigh the opinions. (R. 18-19)(without citation to the record)(i.e., (R. 440-41, 433)). As the Commissioner's memorandum suggests, the ALJ did not address the opinion of Drs. Crockett and Curtis. (Comm'r Mem. 2)(R. 266-67).

Moreover, even if the court were to determine as plaintiff suggests that the evidence is uncontroverted that plaintiff is disabled, the court would be unable to remand for an award of benefits. The record is replete with evidence of drug addiction. E.g., (R. 342, 347, 433, 440-41, 445-47, 451, 455, 459-61, 471-72). Pursuant to Public Law 104-12 (codified at 42 U.S.C. § 423(d)(2)(C)), if a claimant is disabled and also suffers from drug addiction, the Commissioner must determine whether the drug addiction is a contributing factor material to the determination of disability. If it is, the claimant will be found not "disabled" as defined in the Act. Drapeau v. Massanari, 255 F.3d 1211, 1215 (10th Cir. 2001).

As the parties admit, the ALJ was aware of the evidence of drug addiction and used that evidence in finding plaintiff's allegations of disabling symptoms "not totally credible." (R. 24); see also, (Pl. Br. 23-24); (Comm'r Mem. 2); (Pl. Opp'n 2); (Doc. 18, p. 2)(hereinafter Comm'r Reply); (R. 18-21). However, the ALJ did not find plaintiff disabled and, therefore, did not

determine whether drug addiction is a contributing factor material to the determination of disability.

The court's jurisdiction in Social Security cases is limited to reviewing the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Califano v. Sanders, 430 U.S. 99, 105-07 (1977). The court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner, as the Commissioner must resolve factual issues and evidentiary conflicts. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Consequently, the court cannot determine in the first instance whether drug addiction is a contributing fact material to the disability determination. Thus, remand is necessary for the Commissioner to properly evaluate the evidence including the medical source opinions, determine whether plaintiff is disabled when considering drug addiction, and if so, determine whether drug addiction is a contributing factor material to the determination of disability.

On remand, the Commissioner would be well-advised to consider, evaluate, and assign weight to all of the medical source opinions in the record in accordance with Tenth Circuit law. Although some of the opinions may not be those of an acceptable medical source as defined in the regulations, even the opinions of "other medical sources" should be considered to show

the severity of plaintiff's impairments and how they affect her ability to work.  20 C.F.R. § 404.1513(d).

Perhaps the ALJ did not address medical opinions such as those of Drs. Crockett and Curtis--which were rendered before Nov. 2, 1999--because they were rendered during a previously-adjudicated period which the ALJ did not find good cause to reopen.  (R. 15).  When the Commissioner reviews <u>the merits</u> of prior proceedings and considers <u>additional evidence</u> relating to that period, he has <u>de facto</u> reopened the prior proceedings and the court has jurisdiction to review his current decision relating to those proceedings pursuant to 42 U.S.C. § 405(g) despite any argument to the contrary.  <u>Taylor for Peck v. Heckler</u>, 738 F.2d 1112, 1114-15 (10th Cir. 1984).  However, when evaluating a subsequent period, consideration of evidence which also relates to a previously-adjudicated period does not constitute <u>de facto</u> reopening of the prior period.  Where the Commissioner refuses to reopen the prior proceedings and does not consider a claimant's condition <u>during the previously-adjudicated period</u>, the court has no jurisdiction to review the Commissioner's decision not to reopen the prior proceedings. <u>Califano v. Sanders</u>, 430 U.S. 99, 107-09 (1977); <u>Brown v. Sullivan</u>, 912 F.2d 1194, 1195-96 (10th Cir. 1990).  Therefore, in so far as the medical source opinions rendered during the previously-adjudicated period are relevant to a determination of

plaintiff's condition and disability during the subsequent period at issue, the Commissioner should include evaluation of those opinions in his decision.

**IT IS THEREFORE RECOMMENDED** that the Commissioner's motion (Doc. 14) be GRANTED, the decision be REVERSED, and JUDGMENT be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings in accordance with this opinion.

Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review.  Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1114 (10th Cir. 2004).

Dated this 24th day of September 2007, at Wichita, Kansas.

s/John Thomas Reid
**JOHN THOMAS REID**
**United States Magistrate Judge**