# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CHRISTINE M. BLACKWELL,**

    **Plaintiffs,**

    **v.**                                    **Case No. 06-2301-JWL**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Christine M. Blackwell brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the decision of defendant, the Commissioner of Social Security, which denied disability insurance benefits under the Social Security Act. The court referred this matter to United States Magistrate Judge John Thomas Reid, who issued a Report and Recommendation (doc. #19) in which he recommended that Defendant's Motion to Reverse and Remand and for Entry of Final Judgment (doc. #14) be granted, that the decision of the Commissioner be reversed, and that judgment be entered remanding this case for further proceedings. Plaintiff filed objections to this Report and Recommendation, arguing that instead of remanding for further proceedings the court should remand for an immediate award of benefits. As explained below, the court will overrule plaintiff's objections and adopt Magistrate Judge Reid's recommendations.

When reviewing a report and recommendation, the court must make a de novo review of "those portions of the report or . . . recommendations to which an objection is made." 28 U.S.C. § 636(b)(1)(C). The court is not required to blindly adopt the findings or recommendations made by the magistrate judge. The court has discretion to "accept, modify, or reject" any portion of the recommendations and should review the findings anew from the record as a whole. *Id.*; *Garcia v. City of Albuquerque*, 232 F.3d 760, 767 (10th Cir. 2000).

Plaintiff does not object to Magistrate Judge Reid's recommendation that the Commissioner's decision be reversed. Plaintiff only objects to remand for further proceedings. Plaintiff asserts that substantial evidence in the record supports a proper finding of disability, and requests that this court enter an immediate award of benefits. Specifically, plaintiff argues that remand for additional proceedings would cause unnecessary delay and that the ALJ has already been afforded the opportunity to properly evaluate all of the relevant evidence. Defendant responds that substantial issues of fact remain that have not yet been determined, and that an award of benefits without additional findings of fact is improper.

The Commissioner's final decision stemmed from the initial decision of Administrative Law Judge Brock (ALJ Brock), which determined plaintiff was not disabled and, therefore, not entitled to disability insurance benefits. Specifically, ALJ Brock determined that plaintiff's allegations were "not totally credible" and that her residual functional capacity was for a "full range of light work." Subsequently, both parties filed motions for reversal of the decision. Plaintiff argues that remand would be redundant because the record provides sufficient evidence supporting disability and an award for

2

immediate benefits. The Commissioner, admitting that the case as decided by ALJ Brock was deficient, argues that remand is necessary for proper consideration of the facts.

As noted by Magistrate Judge Reid, the deficiency underlying the decision stems from ALJ Brock's failure to properly weigh the medical evidence opinions as required of him under 20 C.F.R. § 404.1527(d). The Social Security Administration promises that an ALJ "will evaluate every medical opinion receive[d]" in the record. 20 C.F.R. § 404.1527(d). In doing so, a treating physician's medical opinion will be given controlling weight because the treating source is more likely to have the most "detailed, longitudinal picture of" the medical impairment. 20 C.F.R. § 404.1527(d)(2). If the ALJ does not apply controlling weight to the treating source opinion the ALJ must explain why in detail. *Yoakum v. Astrue*, 479 F. Supp. 2d 1186, 1194 (D. Kan. 2007). The remaining medical opinions will all be weighed in accordance with the following factors:

>    (1) the length of the treatment relationship and the frequency of examination;
>    (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed;
>    (3) the degree to which the physician's opinion is supported by relevant evidence;
>    (4) consistency between the opinion and the record as a whole;
>    (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and
>    (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.*; 20 C.F.R. §§ 404.1527(d).

Several medical statements in the record indicate the possibility that drug abuse might have contributed to plaintiff's symptoms. These statements, however, are in conflict with

the statement of plaintiff's own treating physician Dr. Fisher, who reports that plaintiff's narcotic use is nothing more than prescription pain management. In his decision, ALJ Brock noted this inconsistency and gave "little weight" to Dr. Fisher's opinion as a result. However, ALJ Brock failed to assign weight to the conflicting opinions that he, presumably, felt were dispositive. Further, his decision failed even to address the opinions of Drs. Crockett and Curtis that supported the content of Dr. Fisher's opinion. Thus, it is not ascertainable from the record what weight ALJ Brock applied to any of the medical source opinions, and whether the application of that weight was proper under the regulation's requirements.

After completing a de novo review of the record as a whole, this court agrees with Magistrate Judge Reid that the court is unable to make a direct award of benefits. As noted by Judge Reid, it is not clear whether the ALJ properly weighed the medical opinions of record in accordance with the regulations. Although it is unfortunate that this will cause further delay for plaintiff, this court cannot determine if the administrative record was fully developed with substantial and uncontroverted evidence indicating disability, which would be necessary for a direct award of benefits. *See Gilliland v. Heckler*, 786 F.2d 178, 184-85 (3rd Cir. 1986); *cf. Sorenson v. Bowen*, 888 F.2d 706, 713 (10th Cir. 1989) (stating that "remand for [an] immediate award of benefits is appropriate when additional fact finding would serve no useful purpose."). This court may consider whether the ALJ followed the rules of law when weighing certain evidence, but it may not reevaluate the evidence or substitute its own judgment for the judgment of the Commissioner. *Lax v. Astrue*, 489 F.3d

4

1080, 1084 (10th Cir. 2007); *Casias v. Sec'y of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).

As Judge Reid discussed in detail, the record is not clear as to what evidence the ALJ considered when making the decision, nor can this court identify whether the weight given to plaintiff's treating physician was proper. A direct award of benefits would require this court to make factual determinations regarding the weight of medical opinion evidence as well as whether drug addiction was a contributing factor to plaintiff's alleged disability. Since how ALJ Brock made his determination remains unclear, neither of these tasks are properly within the purview of this court. Thus, this court agrees that remand is necessary for proper evaluation of these facts. Plaintiff's objections are, therefore, overruled and the court accepts Magistrate Judge Reid's Report and Recommendation.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Objections to the Recommendations of U.S. Magistrate Judge (doc. #20) are OVERRULED.

**IT IS FURTHER ORDERED** that the Report and Recommendation (doc. #19) is ADOPTED, Defendant's Motion to Reverse and Remand and for Entry of Final Judgment (doc. #14) is GRANTED, the Commissioner's decision is REVERSED, and this case is REMANDED to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendation.

**IT IS SO ORDERED** this 28th day of November, 2007.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge